# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER HERNANDEZ, | 3:06-cv-00285-BES-VPC |
| | 3:07-cv-00146-BES-VPC |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| WASHOE COUNTY, a political subdivision of the State of Nevada; and OFFICER MEISTER, an individual, | |
| Defendants. | |

Currently before this Court is a Motion for Summary Judgment (#32) filed by Defendant Washoe County. Plaintiff filed an Opposition (#34) and Washoe County filed a Reply (#35).

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint in Case No. 3:06-cv-00285-BES-VPC against Officer Meister, a Reno Police Officer, on May 19, 2006. Thereafter, Plaintiff initiated an action against Washoe County in Case. No. 3:07-cv-00146-BES-VPC on March 27, 2007 and both actions were consolidated. In both cases, Plaintiff asserts civil rights violations pursuant to 42 U.S.C. § 1983. In his Complaint against Washoe County, Plaintiff alleges that Washoe County violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures when, in August of 2004, Washoe County participated in and caused the arrest of Plaintiff without probable cause. Plaintiff also contends that Washoe County conspired to charge for compounding crimes, thereby causing the malicious prosecution of Plaintiff without probable cause.

On October 23, 2007, the Court issued an Order (#17) granting Washoe County's Motion Dismiss (#11), finding that Plaintiff's complaint was barred by the applicable statute of limitations for Plaintiff's § 1983 claims. Thereafter, the Court granted Plaintiff's Motion for Reconsideration (#22) as to Plaintiff's malicious prosecution claim against Washoe County, on the basis that a malicious prosecution claim does not accrue until the case has been terminated in favor of the accused, and it was unclear from the Complaint when the case had terminated against Plaintiff. (See Order (#22)). Washoe County now seeks summary judgment dismissal of the malicious prosecution claim, asserting that the claim is time-barred because it accrued on August 20, 2004, more than two years before Plaintiff filed his Complaint.

## II.  ANALYSIS

**A.    Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982).

If the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, then the respondent must show by specific facts the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978); see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." Blue Ridge Insurance Co. v. Stanewich, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987)). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**B.    Statute of Limitations for Malicious Prosecution**

Section 1983 does not contain a specific statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims. Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)). Plaintiff argues that the applicable statute of limitations for his malicious prosecution claim should be Nevada's four-year catch-all statute, which controls in the case of "any other injury to the person or rights of another not hereinafter enumerated." NRS. § 11.220. However, clear precedent establishes that Nevada's two-year personal injury statute of limitations applies to § 1983 actions. N.R.S. § 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989), cert. denied, 493 U.S. 860 (1989) ("We need not look to the residual statute of limitations applicable to all actions, N.R.S. §§ 11.190-11.220").

Although state law determines the length of the limitations period, federal law determines when that period begins to run. See Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, a § 1983 claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action. Cabrera v. City of

1 Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  However, a cause of action for malicious prosecution does not accrue until the underlying case has been terminated in favor of the accused.  Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983); Cline v. Brusett, 661 F.2d 108, 110 (9th Cir. 1981).  Here, Defendant has presented documentary evidence to demonstrate that the underlying case terminated in Plaintiff's favor on August 20, 2004 when the Washoe County District Attorney issued what is known as a "District Attorney No-Issue Memorandum," thereby dropping the charges against Plaintiff.  Plaintiff filed his complaint against Washoe County more than two years later, on March 27, 2007.  Plaintiff's malicious prosecution claim is therefore time-barred and Washoe County is entitled to summary judgment as a matter of law.

### III. CONCLUSION

Accordingly,  IT IS HEREBY ORDERED that Washoe County's Motion for Summary Judgment (#32) is GRANTED.  The clerk of the court shall enter final judgment accordingly.

DATED: This 20th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE